UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nyrial J. Reynolds, : Case No. 1:14-cv-742
   Plaintiff, :
vs. :
Commissioner of Social Security, :
   Defendant. :

**ORDER**

The Magistrate Judge issued a Report and Recommendation in this case, recommending that the Court reverse the ALJ's decision denying Plaintiff's application for disability benefits. (Doc. 14) The Magistrate Judge concluded that the ALJ erred when he gave no weight to the opinions of Plaintiff's treating physician and therapist, and in evaluating Plaintiff's credibility. Plaintiff objected to the Report, insofar as it fails to recommend a remand with instructions to award benefits. Plaintiff contends that the record clearly shows that she is entitled to such an award. (Doc. 15) The Commissioner contends that the Court should adopt the Magistrate Judge's recommendation, because the facts pertaining to her claim are not undisputed, and the evidence of her disability is not so one-sided that an award by this Court is proper. (Doc. 16)

In her Report, the Magistrate Judge reviewed the opinions of Plaintiff's treating physician and her therapist, as well as evidence regarding her work history. She found that the ALJ erred because he did not articulate good reasons for rejecting essentially all of the physician's opinions regarding Plaintiff's impairments, and because he

dismissed the significance of her treating therapist's assessment of her functional limitations.  She found the ALJ's reliance on the disability consultants' opinions to be misplaced, because the only examining consultant lacked access to Plaintiff's longitudinal mental health records, in particular those of her treating physician.  The Magistrate Judge also concluded that the ALJ improperly assessed Plaintiff's credibility in describing her symptoms and her limitations caused by her severe depression.  The Magistrate Judge found that the reconsideration of Plaintiff's credibility is appropriate on remand, because the ALJ's assessment of Plaintiff's descriptions of her daily activities and the impact of her mental impairments on her functional level were very likely influenced by the ALJ's errors in assessing the medical evidence.

In her objections, Plaintiff reviews the evidence regarding her impairments, and summarizes the ALJ's errors in articulating the basis for his decision denying benefits.  She reiterates arguments she presented to the Magistrate Judge about those errors, citing Plaintiff's physician's long-standing treatment relationship with her, and the opinions of other health care providers that Plaintiff is disabled.  And she argues that the facts are not in dispute, and the opinions of her treating care providers provide overwhelming evidence that she is entitled to an award of benefits.

The Sixth Circuit has held that the court may remand with directions to award disability benefits only if "... all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).  An award of benefits in such a situation is proper only "... where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  Id.  It is not this

Court's duty to make findings of fact or resolve conflicts in the evidence.  Plaintiff's treating physician opines that Plaintiff's limitations and mental impairments render her disabled; but there is other evidence in the record suggesting that Plaintiff may be capable of performing some work.  While the Court recognizes that it has been almost five years since Plaintiff's application was filed, the Court must remand this matter for further consideration by the Commissioner, for a proper analysis and articulation of the medical evidence and Plaintiff's descriptions of her limitations.

Upon review of the record and Plaintiff's objections, the Court adopts the Report and Recommendation of the Magistrate Judge.  The decision of the Commissioner denying Plaintiff's claim for benefits is reversed, and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: January 11, 2016                      s/Sandra S. Beckwith
                                             Sandra S. Beckwith, Senior Judge
                                             United States District Court